IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Jesus Enrique Parada, | )  |
|                           Plaintiff, | ) Case No. 4:21-cv-00434 |
| vs. | ) |
| Exeter Finance LLC, | ) |
| Serve Registered Agent:<br>CSC – Lawyers Incorporating Service Co.<br>221 Bolivar Street<br>Jefferson City, MO 65101 | ) |
| and | ) |
| Equifax Information Services, LLC, | ) |
| Serve Registered Agent:<br>CSC – Lawyers Incorporating Service Co.<br>221 Bolivar Street<br>Jefferson City, MO 65101 | ) |
| and | ) |
| TransUnion LLC, | ) |
| Serve Registered Agent:<br>The Prentice-Hall Corporation<br>221 Bolivar Street<br>Jefferson City, MO 65101 | ) |
|                          Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Jesus Enrique Parada, by and through his attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq.*, in his Complaint for Damages states and alleges to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumer Jesus Enrique Parada against Exeter Fargo Bank, N.A. d/b/a Exeter Fargo Dealer Services, Inc. and Equifax Information Services, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that each defendant transacts business in the state of Missouri and Missouri is where the injuries occurred.

## PARTIES AND SERVICE

3. Plaintiff Jesus Enrique Parada, (hereafter "**Plaintiff**"), is a natural person who, at all times relevant, resides in the State of Missouri.

4. Defendant Exeter Finance LLC, (hereafter "**Defendant Exeter**"), is a financial services company that regularly conducts business in Missouri, and may be served through its Registered Agent, CSC – Lawyers Incorporating Service Company, at 221 Bolivar Street, Jefferson City, MO 65101.

5. Defendant Equifax Information Services, LLC, (hereafter "**Defendant Equifax**"), is a business entity that regularly conducts business in Missouri, and may be served through its Registered Agent, CSC – Lawyers Incorporating Service Company, at 221 Bolivar Street, Jefferson City, MO 65101.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. On October 20, 2020, Plaintiff filed a Chapter 7 Bankruptcy in the Western District of Missouri, Case No. 20-41821-drd7.

7. The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on October 21, 2020 showing Defendant Exeter was sent notice of Plaintiff's bankruptcy.

8. The BNC Certificate of Mailing of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

9. Plaintiff had a vehicle loan with Defendant Exeter that was reaffirmed on November 16, 2020, rather than discharged.

10. Reaffirmation Agreement is attached as Exhibit B.

11. Plaintiff received his discharge on January 25, 2021.

12. The BNC Certificate of Mailing of the Notice of Discharge of Debtor is attached as Exhibit C.

13. On March 2, 2021, Plaintiff requested and received his credit reports from Defendant Equifax, Experian, and Defendant TU.

14. Plaintiff became aware that Defendant Exeter was misreporting information on all his credit reports.

15. Defendant Exeter was incorrectly reporting the vehicle loan as discharged, rather than open and reaffirmed.

16. The pertinent pages of Plaintiff's incorrect credit reports are attached as Exhibit D.

17. On March 22, 2021, Plaintiff sent letters with his bankruptcy information to Defendant Equifax, Experian, and Defendant TU disputing Defendant Exeter's incorrect reporting in accordance with 15 U.S.C. § 1681i.

18. Copies of Plaintiff's dispute letters are attached as Exhibit E.

19. Defendant TU failed to send an Automated Consumer Dispute Verification (hereafter "ACDV") to Defendant Exeter as required by 15 U.S.C. §1681i and deleted the account completely from Plaintiff's credit report.

20. The pertinent page of Plaintiff's TransUnion reinvestigation results is attached as Exhibit F.

21. Defendant Equifax failed to send an ACDV to Defendant Exeter as required by 15 U.S.C. §1681i, and the incorrect reporting remains.

22. The pertinent page of Plaintiff's Equifax reinvestigation results is attached as Exhibit G.

23. Experian sent an ACDV to Defendant Exeter as required by 15 U.S.C. §1681i, but Defendant Exeter failed to conduct a reasonable reinvestigation and the incorrect reporting remains.

24. The pertinent pages of Plaintiff's Experian reinvestigation results are attached as Exhibit H.

25. Defendant Exeter's failure to conduct a reasonable investigation of Plaintiff's account was a substantial factor causing Plaintiff reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to his fresh start entitled under the Bankruptcy Code.

26. Defendant Equifax and Defendant TU's failure to conduct reasonable reinvestigations of Plaintiff's account and notify Defendant Exeter of Plaintiff's disputes was a substantial factor causing Plaintiff reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to his fresh start entitled under the Bankruptcy Code.

27. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## EXETER FINANCE LLC
## VIOLATIONS OF THE FCRA

28. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in this Complaint.

29. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

30. Defendant Exeter qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

31. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

32. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

33. The FCRA also provides privately enforceable duties where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the

5

CRAs. 15 U.S.C. § 1681i.

34. After receipt of a disputed account from a CRA, a furnisher has a duty to reinvestigate and review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

35. The courts have consistently adopted the standard that the furnisher's reinvestigation must be evaluated under a reasonable investigation standard, which should be evaluated from a number of factors.

36. The furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

37. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

38. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

39. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

40. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as Exeter as for

6

costs and attorney fees. 15 U.S.C. § 1681n.

41. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

42. After receiving notice of Plaintiff's dispute letter from Experian, Defendant Exeter should have investigated and properly updated the information reported on Plaintiff's account but failed to do so.

43. As a result of the actions of Defendant Exeter, Plaintiff suffered damages including reduced credit scores, emotional distress, and frustration.

44. The plain language of the FCRA's damages provisions permits Plaintiff to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

45. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as Exeter as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

46. Defendant Exeter was notified by Experian of Plaintiff's dispute requesting an investigation that it was reporting inaccurate information on Plaintiff's credit report.

47. Defendant Exeter elected to ignore that information it received, failed to do a reasonable investigation, and refused to fully correct and update Plaintiff's credit report.

48. The purpose of the investigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

7

49. Defendant Exeter knew it was required by law to have investigation procedures and protocols in place to conduct an investigation of Plaintiff's account information and Defendant Exeter's failure and refusal to have proper procedures in place to conduct a reasonable investigation of Plaintiff's account constitutes willful, conscious and reckless disregard for Plaintiff's rights, including those under the FCRA.

50. Defendant Exeter's failure and refusal to conduct a reasonable investigation and correct the information Defendant Exeter is furnishing to the credit reporting agencies concerning Plaintiff's account constitutes a willful violation of the FCRA.

51. This failure and refusal are compounded by Defendant Exeter's failure and refusal to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies and is willful, intentional and in conscious disregard of the rights of Plaintiff and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays judgment in his favor for damages as provided by the FCRA in such amount as fair and reasonable, for his actual damages incurred, for the imposition of punitive damages against Defendant Exeter in such sum as will deter Exeter Finance LLC, and others in the future from similar conduct, and for such other relief the Court deems just and reasonable.

## COUNT II
## EQUIFAX INFORMATION SERVICES, LLC
## VIOLATIONS OF THE FCRA

52. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

53. Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

54. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

55. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to Plaintiff for engaging in the following conduct:

   a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving multiple notices of the disputes from Plaintiff in violation of 15 U.S.C. §1681i(a);

   b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's disputes to Defendant Exeter, in violation of 15 U.S.C. §1681i(a);

   c. Willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the disputes of the inaccurate information to Defendant Exeter, in violation of 15 U.S.C. §1681i(a);

   d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   e. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiff; and

   f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. §1681e(b).

56. Defendant Equifax's conduct was a direct and proximate cause, and a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in his favor for damages as provided by the FCRA in such amount as fair and reasonable, for his actual damages incurred, for the imposition of punitive damages against Defendant Equifax in such sum as will deter Equifax Information Services, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT III
## TRANSUNION LLC
## VIOLATIONS OF THE FCRA

57. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

58. Defendant TU is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

59. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant TU is liable to Plaintiff for engaging in the following conduct:

   a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving multiple notices of the disputes from Plaintiff in violation of 15 U.S.C. §1681i(a);

   b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's disputes to Defendant Exeter, in

violation of 15 U.S.C. §1681i(a);

   c. Willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the disputes of the inaccurate information to Defendant Exeter, in violation of 15 U.S.C. §1681i(a);

   d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   e. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiff; and

   f. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. §1681e(b).

60. Defendant TU's conduct was a direct and proximate cause, and a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant TU is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in his favor for damages as provided by the FCRA in such amount as fair and reasonable, for his actual damages incurred, for the imposition of punitive damages against Defendant TU in such sum as will deter TransUnion LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jesus Enrique Parada respectfully requests this Court award the following:

a. Actual Damages,

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Correction of all misreported information on Plaintiff's Equifax, Experian, and TransUnion credit reports; and

f. For such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Chelsea S. Herring
Chelsea S. Herring #51089
The Law Offices of Tracy L. Robinson, LC
600 E. 8th St., Suite A
Kansas City, MO 64106
Phone: (816) 778-7328 Direct Line
Fax: (816) 842-0315
chelseah@tlrlaw.com
Attorney for Plaintiff